IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-63,675-01






EX PARTE PATRICK SIMMONS, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. 2001CR4637 IN THE 175TH DISTRICT COURT

FROM BEXAR COUNTY




 Per curiam.

 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of the offense of driving while intoxicated, and punishment was
assessed at eight (8) years' confinement. No direct appeal was taken.

 Applicant contends that he should be granted an out-of-time appeal because he was
under a disability that rendered him incapable of timely perfecting an appeal.

 The trial court has entered findings of fact or conclusions of law finding that an out-of-time appeal should be denied because Applicant waived his right to appeal and the trial
court has not granted permission to appeal. However, we do not believe that this finding is
sufficient to completely resolve the issues presented. Because Applicant has stated facts
requiring resolution and because this Court cannot hear evidence, it is necessary for the
matter to be remanded to the trial court for resolution of those issues. The trial court may
resolve those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may
order affidavits, depositions, or interrogatories from Applicant's mental health care providers
or it may order a hearing. In the appropriate case the trial court may rely on its personal
recollection.

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing.

 The trial court shall then make findings of fact as to whether Applicant was placed
under a disability that prevented him from timely perfecting an appeal, and when and whether
such disability was removed. The trial court shall also make any further findings of fact and
conclusions of law it deems relevant and appropriate to the disposition of the application for
writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. The trial court shall resolve
the issues presented within ninety (90) days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within one hundred twenty (120) days of the date of
this order. (2)


 IT IS SO ORDERED THIS THE 25TH DAY OF JANUARY, 2006.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.